UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| RSC Equipment Rental, Inc., an Arizona Corporation | ) ) ) | No. C09 02784 ~~MEJ~~ **CRB** |
| Plaintiff, | ) ) | **~~[PROPOSED]~~ CONFIDENTIALITY ORDER** |
| vs. | ) ) | |
| Richard Darell, an individual; David Williams, an individual; Paul Connes, an individual, and Justin Marshall, an individual | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

The discovery, pretrial and trial phases of this action may involve disclosure of confidential and proprietary business, technical and financial information, and/or private personal information.  For good cause shown,

IT IS HEREBY ORDERED that:

1.   Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Subject to Protective Order" and

*"Confidential – Outside Counsel Eyes Only"*

or

*"Confidential"*

any documents, things, interrogatory answers, responses to request for admissions, trial or deposition testimony, or other material that contains material or information that is not publicly known which is produced in this litigation by one party to the other including, without limitation, confidential business information, confidential technology, trade secrets, know-how, proprietary data, confidential research, development or commercial information including, but not limited to, production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures, agreements, contracts, job information, invoices, orders, things, notes, outlines, compilations, memoranda, operating manuals or instructions, correspondence, reports, records, data, charts, specifications, designs, flowcharts, and software and other written, recorded or graphic material, and which is designated as confidential in the manner described in this Order ("Protected Information").  Protected Information includes all such confidential information, whether revealed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, hearing or trial transcripts, responses to requests for admissions or otherwise made available to counsel for either party in this action.

2. *"Confidential – Outside Counsel Eyes Only"* and *"Confidential"* material, as used in this Order, shall refer to any Protected Information designated pursuant to paragraph 1 above, and all copies thereof, and shall also refer to the information contained in or derived from material designated pursuant to paragraph 1 above, including excerpts, summaries, indices, abstracts, or copies of such material.

3. No designation of materials as *"Confidential – Outside Counsel Eyes Only"* shall be made unless the designated material comprises or contains confidential, highly sensitive technical, marketing, financial, sales or other business information which could be used by the receiving party to obtain a business (not legal) advantage over the producing party.

4. No designation of material as *"Confidential"* shall be made unless the designating party or non-party believes in good faith that the designated material is Protected Information and entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure.

5. Outside counsel of the respective parties, including secretarial, clerical, litigation support and paralegal personnel regularly employed by such outside counsel may receive Protected Information designated "Confidential" or "Confidential – Outside Counsel Eyes Only."

6. Translators of foreign language documents or foreign language testimony who are not employed by one of the parties, but are retained to provide translations of any material or testimony designated as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only,"* may receive materials so designated, but only for purposes of translating such documents or testimony.

7. Third parties, who are not affiliates of or employed by one of the parties, but are specifically retained to assist the attorneys of record or a party in copying or computer coding or imaging of documents, may receive materials designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only,"* but only for purposes of copying or computer coding or imaging Protected Information contained therein.

8. The Court and its employees and court stenographers whose function requires them to have access to material designated as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* may receive such materials, but only for purposes of discharging the function which requires them to have access thereto.

9. Independent outside experts and their clerical and support staff specifically engaged by counsel or the parties to assist in this litigation may receive Protected Information designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only,"* subject to the provisions of paragraphs 11 and 12 below.

PROPOSED CONFIDENTIALITY ORDER
CASE NO. C09 02784 MEJ

2

1  10. Employees, officers or directors of the parties, whether or not an expert, may be designated and permitted to receive Protected Information designated "Confidential."

11. Before any disclosure of Protected Information is made pursuant to paragraph 9 above, the following must occur:

(a) The individual to whom disclosure is to be made must be given a copy of this Order, and the provisions of this Order must be explained to the individual to whom disclosure is to be made by an attorney;

(b) The individual to whom disclosure is to be made must sign an acknowledgement in the form of the attached Exhibit A;

(c) If the individual to whom disclosure is to be made is an employee, independent contractor or consultant to a competitor of the party whose Protected Information is proposed to be disclosed, a copy of such expert's signed acknowledgement and curriculum vitae (including an identification of employment history and consulting relationship with any party or any related company) must be served by facsimile on opposing counsel of record at least seven (7) business days before the Protected Information is shown to such expert; and

12. Any party may object to the disclosure of Protected Information pursuant to paragraph 9 above, within seven (7) business days of receiving all of the information required to be provided by subparagraph 11(c). The procedure for making and resolving any such objection shall be as follows:

(a) Any objection made pursuant to paragraphs 11(c) shall be transmitted in writing by facsimile, to the disclosing party and shall state in detail the basis for such objection;

(b) The parties shall thereafter have five (5) business days to confer in an effort to resolve the objection. If they are unable to do so or fail to confer, the

objecting party shall have five (5) additional business days to seek an Order from the Court barring the requested disclosure proposed to be made under paragraph 9. The failure to seek such an Order within ten (10) business days of the service of a written notice of objections shall effect a waiver of such objection;

   (c) The party seeking to disclose Protected Information under paragraph 9 shall have five (5) business days from the date of service by facsimile to respond to any objections filed with the Court. There shall be no reply submission permitted, nor shall oral argument on the objections be held unless the Court deems it appropriate;

   (d) No proposed disclosure of Protected Information under paragraph 9 shall take place until the Court resolves the issue, or any objection is withdrawn or waived.

  13. Notwithstanding the other provisions of this Order, Protected Information may be used in the course of any deposition of current employees of the party designating such Protected Information.

  14. Notwithstanding the other provisions of this Order, any party or third-party witness may be shown at a deposition or examined on any document containing material designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* if it appears from the face of the document that the witness authored or received a copy of it, or if it is reasonably established that the witness has knowledge of information which is contained in the document and about which the witness is being examined.

  15. In the event that counsel for any party deems it necessary to disclose Protected Information to anyone other than those to whom disclosure is provided for in this Order, the parties agree to negotiate in good faith whether such disclosure may occur and the terms on which such disclosure can occur. In the event the parties are unable to agree, the party seeking disclosure may make application to the Court for such disclosure.

PROPOSED CONFIDENTIALITY ORDER
CASE NO. C09 02784 MEJ

16. Until or unless the Court rules otherwise, Protected Information and any information derived therefrom, including excerpts, summaries, indices, abstracts or copies thereof, shall be maintained in confidence by the person to whom such material is produced and shall not be disclosed to any person without the express written consent, or consent on the record, of the producing party, except as set forth above.

17. Any person to whom Protected Information is divulged pursuant to the provisions of this Order is similarly obligated to maintain the confidence of such Protected Information, and not to disclose it to any person other than a person authorized under this Order. All produced Protected Information shall be carefully maintained so as to preclude access by persons other than those otherwise authorized under this Order.

18. Protected Information shall not be used for any purposes other than this litigation.

19. Any redaction of confidential information, not agreed to by both parties or ordered by the court, shall be accompanied by a notification indicating that the redaction has been made and shall further provide the reasoning for the redaction.

20. In the event a producing party or a third party elects to produce documents or other material for inspection, no markings need be made by the producing party or third party in advance of the inspection. All such documents or other material may be temporarily designated as *"Confidential – Outside Counsel Eyes Only"* and shall be treated by the receiving party as if they were so marked. After selection by the receiving party of specified documents or material for copying, the producing party without delay shall make its designation under this Order, if any, and the party making copies shall ensure that any copies include any designation made by the producing party.

21. Except as otherwise provided herein, no designation shall be effective unless there is placed or affixed on such material a *"Confidential – Outside Counsel Eyes Only"* or *"Confidential"* marking, or unless the parties agree upon some other appropriate methods of designation. The designations *"Highly Confidential Attorneys*

PROPOSED CONFIDENTIALITY ORDER
CASE NO. C09 02784 MEJ

6

*Eyes Only," "Confidential Attorneys Eyes Only" or "Attorneys Eyes Only"* shall have the same meaning and effect as the designation *"Confidential – Outside Counsel Eyes Only."*

22. All Protected Information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated pursuant to the foregoing paragraph 21, shall be designated by the producing party by informing the opposing party in writing.

23. Depositions or portions thereof which contain Protected Information may be designated as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* and shall be separately bound in a confidential volume, marked in accordance with paragraph 1, and shall, if required, be separately filed as provided herein so as to distinguish such confidential deposition or confidential portions thereof from non-confidential public depositions or public portions thereof.

24. At any deposition session, where appropriate, counsel for a party may temporarily designate as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* the entire deposition transcript. When such a designation is made, all parties shall maintain the entire deposition transcript and all information contained therein as required by such designation *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* until thirty (30) calendar days after receipt of an execution copy of the transcript. During that period, the party desiring to maintain confidentiality must designate in writing those portions of the transcript regarded as *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* and only those portions will thereafter be handled and marked in accordance with the provisions of this Order. Designation of material at a deposition as Protected Information shall not, however, operate to exclude a party's representative, not authorized to receive Protected Information, from any part of a deposition except when counsel for a party deems that a question and/or the answer to a question will result in disclosure of Protected Information. Only individuals otherwise authorized to receive

such Protected Information under the terms of this Order will be allowed to attend confidential portions of depositions.

25.     Material and deposition transcripts produced without the designation of *"Confidential – Outside Counsel Eyes Only"* or *"Confidential"* may be so designated subsequent to production or testimony if the producing party provides replacement materials bearing appropriate designations and notifies the receiving party promptly after becoming aware of same that the producing party failed to make such designation at the time of production, during the testimony, or during the thirty (30) day period after receipt of the transcript through inadvertence, mistake, or error.  If discovery material is designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized to receive Protected Information so designated under this Order, and shall affix the appropriate designation to any copies that have been provided to individuals authorized to receive Protected Information so designated under this Order.

26.     If any party objects to a designation hereunder, that party may request the designating party to rescind the designation.  If the parties do not agree to rescind the designation, the objecting party may move the Court to order a lower designation, *e.g.*, from *"Confidential – Outside Counsel Eyes Only"* to *"Confidential,"* or de-designation of any material.  The designating party shall bear the burden of establishing the need for the *"Confidential – Outside Counsel Eyes Only"* or *"Confidential"* designation.

27.     If in the course of this litigation discovery is sought from third parties which would require such parties to disclose and/or produce *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* information, such third parties may gain the protections of this Order by simply agreeing in writing to produce documents pursuant to this Order and to be bound by it.  No further order of this Court shall be necessary to extend the protections of this Order to third parties.

28. At the conclusion of this case all Protected Information and all materials designated *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* pursuant to this Order, produced as part of discovery in this action, and all copies thereof, shall be returned to the producing party or, at the option of the receiving party, receiving counsel shall destroy and certify in writing that such material has been destroyed. Outside counsel may retain one copy of any material containing Protected Information market *"Confidential"* or *"Confidential – Outside Counsel Eyes Only"* and one copy of counsel's work product incorporating such Protected Information, which shall remain subject to the provisions of this order.

29. Any document or thing containing or embodying Protected Information that is to be filed or submitted in this action shall be filed or submitted in accordance with the official procedures of the Court, if no such procedures are provided by the Court, the documents or things containing or embodying Protected Information shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the case, shall identify the contents for docketing purposes, shall bear a statement substantially in the form:

<u>CONFIDENTIAL</u>

Filed under Protective Order. This envelope is not to be opened nor the contents thereof displayed or revealed except by direction or Order of the Court, or by agreement of the parties.

Subject to applicable local rules, outside attorneys of record and local counsel for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record or as otherwise provided for hereunder.

PROPOSED CONFIDENTIALITY ORDER
CASE NO. C09 02784 MEJ

9

30.     The restrictions set forth in any of the preceding paragraphs do not and shall not apply to information or material that:

(a)     was, is or becomes public knowledge in a manner other than by violation of this Order;

(b)     is acquired by the non-designating party from a third party having the right to disclose such information or material; or

(c)     was lawfully possessed by the non-designating party prior to the entry by the Court of this Order.

31.     Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and in the course thereof, relying upon the attorney's examination of Protected Information; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose any Protected Information.

32.     Any discovery documents produced in this litigation may be later designated as "Attorney Client Privileged" or "Attorney Work Product" promptly upon discovery by the producing party that any such privileged or immune document was produced through inadvertence, mistake, or other error, and no waiver or privilege or immunity shall be deemed to have occurred.  Upon such designation, the receiving attorney promptly shall make best efforts to collect all copies of the documents and return them to the producing party.  In the event that the receiving attorney believes in good faith that the producing party cannot properly assert any privilege or immunity with respect to the documents, the receiving attorney must notify the designating attorney in writing and the designating attorney shall within thirty (30) calendar days of such notice file a motion to establish that the material is attorney-client privileged; otherwise, the claim of privilege shall be deemed waived.

1      34.    This Order shall be without prejudice to the right of any party to oppose production of any information for any reason permitted under the Federal Rules of Civil Procedure.

       35.    This Order may be amended by the agreement of counsel for the parties in the form of a stipulation, subject to order of the Court. Any party for good cause may apply to the Court for a modification of this Order. This Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by order of this Court.

Signed this 20th day of August, 2009.

_____
The Honorable
U.S. District C



PROPOSED CONFIDENTIALITY ORDER
CASE NO. C09 02784 MEJ

11

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RSC Equipment Rental, Inc., an Arizona Corporation,<br><br>                    Plaintiff,<br><br>    vs.<br><br>Richard Darell, an individual; David Williams, an individual; Paul Connes, an individual, and Justin Marshall, an individual<br><br>                    Defendants. | No. C09 02784 MEJ<br><br>**ACKNOWLEDGEMENT AND AGREEMENT RE: CONFIDENTIALITY ORDER** |

I, _____, declare that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____ _____.

4. I have received a copy of the Confidentiality Order in this action signed on _____, 2009.

5. I have carefully read and understand the provisions of the Confidentiality Order.

6. I will comply with all of the provisions of the Confidentiality Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Confidentiality Order, and will use only for purposes of this action any confidential materials which are disclosed to me.

PROPOSED CONFIDENTIALITY ORDER
CASE NO. C09 02784 MEJ

12

8.     I will return all confidential material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained.

9.     I hereby submit to the jurisdiction of this Court for the purposes of enforcement of the Confidentiality Order in this action.

DATED this _____ day of _____, 20___.

_____
*(Signature)*

_____
*(Typed Name)*

PROPOSED CONFIDENTIALITY ORDER
CASE NO. C09 02784 MEJ

13