UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RSC Equipment Rental, Inc., an Arizona Corporation<br><br>        Plaintiff,<br><br>vs.<br><br>Richard Darell, an individual; David Williams, an individual; Paul Connes, an individual, and Justin Marshall, an individual<br><br>        Defendants. | No. C09 02784 CRB<br>ORDER Re:<br>**STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES** |

This matter has come before the Court on Plaintiff RSC Equipment Rental, Inc.'s Ex Parte Application for Temporary Restraining Order and Application for Order to Show Cause re: Preliminary Injunction ("Application"), and the Court has considered the Application, and all supporting declarations, and the stipulation of Plaintiff and Defendant Paul Connes, and it appearing,

That RSC is likely to succeed on the merits of its claims that Defendants have engaged in trademark cybersquatting and unfair competition by acting in concert to perpetrate a scheme under which they have registered domain names containing and/or confusingly similar to RSC's

STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES
~~PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TRO XX~~
CASE NO. C09 02784 CRB

1

2091039 1

trademarks, used the domain names to send e-mails falsely claiming to be RSC employees for the purpose of obtaining goods from third party computer electronics vendors through fraudulent pretenses and receiving those fraudulently obtained goods via FedEx and/or UPS delivery;

That Defendant Connes has admitted to receiving goods at his home address of 365 Chateau La Salle Drive, San Jose, CA 95111, for which Plaintiff RSC Equipment Rental, Inc. was the named addressee, and that upon receipt, Defendant Connes reshipped the goods to third parties located outside of the United States;

That Defendant Connes was acting at the direction of and in concert with Defendant Justin Marshall;

That RSC has suffered irreparable harm from Defendants' violation of its trademarks and that there is a serious threat of further fraudulent activity and continuing irreparable harm to RSC and the general public if an injunction is not entered against Defendants;

That there is a threat that Defendants will take steps to destroy, alter or hide the evidence of their fraudulent conduct, including but not limited to the electronic media containing that evidence, or otherwise prevent discovery of actions they have taken with respect to their activities;

That if Defendants were to destroy, alter or hide the evidence of their actions, or otherwise prevent discovery of their actions taken with respect to RSC's trademarks, RSC would suffer further immediate and irreparable injury, loss, and damage;

That RSC's need to protect its trademark rights, and the frustration of the purpose of this suit if RSC is not protected, outweighs any burden on Defendants, such that the balance of hardships tips sharply in RSC's favor; and

STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES
~~PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TRO~~
CASE NO. C09 02784 CRB

2

2091039.1

That this order is intended to prevent further misuse of RSC's trademarks by Defendants and to preserve evidence relevant to RSC's claims;

**IT IS HEREBY ORDERED** that Defendant Paul Connes, his servants, agents, employees and attorneys, and any and all persons in active concert or participation him are hereby temporarily restrained and enjoined from:

A.  Registering, attempting to register, maintaining, transferring and/or using any domain names containing the trademarks RSC, RSC EQUIPMENT RENTAL, RSC Rental Service Corporation, RSC ONLINE (the "RSC Marks"), or any colorable imitations thereof, including without limitation <rsc-rental.com>, <rsc-rentals.com> and <rscrentalinc.com>;

B.  Representing or otherwise holding themselves out to others as employees, contractors, representatives, or agents of RSC, or as being authorized to act on behalf of RSC, for any purpose;

C.  Sending e-mail messages using any e-mail account names, or incorporating any content or attachments, that contain any RSC Marks, or colorable imitations thereof, for the purpose of soliciting any goods or services;

D.  Receiving, signing for, forwarding or otherwise re-distributing packages or shipments for which RSC is identified on the package, packaging label, packing slip or shipping manifest as an intended recipient of the package or shipment;

E.  Secreting, removing, destroying or altering in any fashion any records, documents or things relevant to this lawsuit;

F.  Secreting, removing, destroying, encrypting, erasing, deleting, overwriting or otherwise altering in any fashion electronically stored information in their

STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES
~~PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TRO~~
CASE NO. C09 02784 CRB

3

2091039 1

possession, custody or control, stored in magnetic or other media, that is relevant to the claims in this lawsuit. Electronic stored information includes, but is not limited to: originals and all copies of electronic mail ("e-mail"); activity listings of electronic mail receipts and/or transmittals; voicemail; audio or video recordings of any kind; computer programs (whether private, commercial or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code of all types; JPEG files; GIF files; PIF files; batch files; ASCII files; log files of any kind; temporary (TMP) files and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. Electronic stored information also includes any and all information stored in hard disks, floppy disks, CD-ROM or DVD disks, removable media, storage area networks (SAN) and their equivalents, magnetic tapes, and computer chips (including but not limited to EPROM, PROM, RAM and ROM). Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data;

G. Initiating any procedure that would alter any active, deleted or fragmented electronic stored information. Such procedures may include, but are not necessarily limited to, deleting or attempting to delete or overwriting or attempting to overwrite any electronic information, saving newly-created files to disks that already contain information, loading new software on such disks,

STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES
~~PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TRO~~
CASE NO. C09 02784 CRB

4

2091039 1

wiping such disks, reformatting such disks, re-installing the operating system, or running data compression or defragmentation (optimization) routines on them;

H. Rotating, altering, encrypting or destroying any media that stores electronic data where such activity could result in the alteration or loss of any electronic data; or

I. Disposing of any media that contains electronically stored information.

**IT IS FURTHER ORDERED** that Defendant Paul Connes has acknowledged that RSC's duly authorized representatives, accompanied by the United States Marshal Service, entered his residence at 365 Chateau La Salle Drive, San Jose, CA 95111, on the 3rd day of September, 2009, and that he produced the items identified on Exhibit A attached hereto.

**IT IS FURTHER ORDERED** that Defendant Connes released into the custody of RSC's computer forensic expert, LECG, the items listed on Exhibit A to be imaged and returned to Defendant Connes as provided in this Order.

**IT IS FURTHER ORDERED** that Defendant Connes shall continue to assist plaintiff's representatives in identifying relevant data and devices and shall provide any and all passwords/access codes necessary to access each device, application, encrypted file, and password protected file located on the devices to be imaged.

**IT IS FURTHER ORDERED** that Defendant Connes, to the extent he has not already done so, shall also identify and immediately produce to RSC and its representatives for inspection and copying the following information and documents in his possession, custody or control:

(a) All records, electronic and hard copy, concerning their registration and use of the domain names <rsc-rental.com>, <rsc-rentals.com>, <rscrentalinc.com> and any

STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES
~~PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TRO~~
CASE NO. C09 02784 CRB

5

2091039 1

other domain name incorporating "RSC" or any colorable imitation of the RSC Marks;

(b)  All records, electronic and hard copy, concerning his receipt of goods or packages addressed to RSC Equipment Rental and the actions taken with respect to such goods and packages after receiving them; and

(c)  All correspondence, including but not limited to emails with David Williams, Justin Marshall and/or Richard Darell.

**IT IS FURTHER ORDERED THAT:**

1.  To protect the integrity of the evidence and the confidentiality of Defendant Connes' data on the devices produced for imaging, the electronic data shall be mirror imaged according to the following protocol:

(a)  A verified bitstream image or "forensic mirror image" of each device, hard drive or other storage media will be created. No data will be changed or modified and no programs will be installed onto any devices;

(b)  All media that can be write protected will be write protected immediately and any use of the images will be write blocked so that they cannot be modified;

(c)  Each person involved in the imaging process, including RSC's attorneys and computer experts, will sign and be bound by the Confidentiality Order entered on this same date;

(d)  Within five (5) days after the completion of the imaging process, Defendant Connes (or his attorney(s)) will be given one complete copy of the image(s) produced from the devices found at his residence;

(e)  RSC's forensic consultants will search the image(s) in accordance with the search

STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES
~~PROPOSED ORDER GRANTING EX PARTE SEIZURE AND EX APPLICATION FOR TRO~~
CASE NO. C09 02784 CRB

6

2091039_1

protocol attached as Exhibit B hereto and, upon completion, will provide each party with a list of files returned by the searches conducted. They will also provide Defendant Connes and/or his attorney(s), on DVD or other appropriate storage media, with one copy of the listed files retrieved from the search of their respective devices. Defendant Connes and/or his attorney(s) will be allowed to review the files for privilege before RSC or its counsel is provided with a copy of the files;

(f) Defendant Connes and/or his attorney(s) shall have ten (10) days from receipt of the listed file(s) to identify any data files that are subject to a claim of privilege and to serve upon RSC's attorneys a privilege log identifying such data files along with information sufficient to establish the claimed privilege;

(g) Upon the expiration of the ten day period set forth in subparagraph (f) above, RSC's attorneys shall be provided with a copy of all files from the search list for which there has been no timely claim of privilege by Defendant Connes;

(h) If RSC wishes to challenge a privilege claim made by Defendant Connes as to a particular file, RSC shall first meet and confer with Defendant Connes and attempt to resolve the dispute without court intervention;

(i) All files provided to the parties are to be governed by and treated as Confidential under the Confidentiality Order;

(j) RSC's computer forensic consultants will retain in escrow during the pendency of this suit the verified bitstream image or "forensic mirror image" of each device, hard drive and other storage media that has been imaged or may yet be imaged in connection with this lawsuit;

STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES
~~PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TRO~~
CASE NO. C09 02784 CRB

7

2091039 1

(k) RSC's computer forensic consultants will promptly return to Defendant Connes all storage devices belonging to them that are found to contain no files responsive to their search. For any other device that is found to store files containing any RSC Marks, or confusingly similar designations, such files shall be permanently deleted from the original device before it is returned; however, the complete image of the device containing all files shall be maintained by RSC's computer forensic consultants as provided in this Order; and

(l) On or before 30 days after either a judgment becomes final and non-appealable or all parties have executed a settlement agreement, the images and all copies shall be destroyed.

2. RSC's computer forensic consultants will act as substitute custodian of any and all data imaged pursuant to this order and shall hold harmless the United States Marshal Service and its employees for any claims asserted that are based upon the conduct of RSC's computer forensic consultants, while acting as custodian of the items seized for imaging.

3. The security in the amount of $1,000.00 posted by Plaintiff RSC Equipment Rental, Inc. on August 21, 2009, which the Court acknowledges it has received, is hereby released, and the parties agree that no security shall be required to secure this stipulated protective order.

4. Defendant Connes shall not, directly or indirectly, alert or communicate anything about this case to any of the other Defendants, or to any other persons involved in the scheme to

STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES
~~PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TRO~~
CASE NO. C09 02784 CRB

8

2091039.1

1  solicit, procure, receive, sell, and distribute goods using the RSC Marks and colorable imitations
2  thereof, until they have been served with a copy of the Summons and Complaint.

4  Signed this __10th__ day of September, 2009.



The Ho[n]
U.S. Di[strict]
Judge Charles R. Breyer

IT IS SO ORDERED

13  LEWIS AND ROCA LLP

15  Sean Garrison, Admitted Pro Hac Vice    9-4-09
    *Attorneys for Plaintiff RSC Equipment Rental, Inc.*
16  2440 West El Camino Real, 6th Floor
17  Mountain View, CA 94040-1499
    (650) 391-1380

18  -- and --

20  Paul Connes    9-4-09
    *Defendant*
21  365 Chateau La Salle Drive
22  San Jose, CA 95111

28  STIPULATED PRELIMINARY INJUNCTION AS TO DEFENDANT PAUL CONNES
    ~~PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR TRO~~
    CASE NO. C09 02784 CRB

9

2091039_1

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

# LECG

Evidence Custody Log (Client Systems) v.1.1

| Case Name, Case Number | Evidence Released by (Entity) | Date/Time | Handling Lab |
|---|---|---|---|
| RSCEQ - 28468 | Paul Connes | 9/3/2009  12 PM | SF |

| Evidence Number | Identification | Location | Make | Model | Serial No. |
|---|---|---|---|---|---|
| A0001 | HP Desktop (silver) | 365 Chateau La Salle Dr, San Jose | HP | Media Center m000 | MXK4031QJ3 |
| A0002 | HP Desktop (black) | 365 Chateau La Salle Dr, San Jose, CA | HP | | CN754828QL |
| A0003 | Silver Microcenter USB Drive | ↓ | MicroCenter | — | — |
| A0004 | Teal Microcenter USB Drive | ↓ | Microcenter | — | — |
| A0005 | Sandisk Cruzer mini 256mb | ↓ | SanDisk | SDCZ2-256 | AR0510UGB |
| A0006 | Imation USB Drive | | Imation | HMDS-B2C E-D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 | |
| A0007 | Imation USB Drive | ↓ | " | HMDS-032C E-D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 | |

| Evidence Number | Released By (Individual) | Date/Time of Release | Received By (Individual) | Date/Time Received |
|---|---|---|---|---|
| A0001 | Paul Connes | 9/3/2009  12 PM | Robert Johnson | 9/3/2009  12 PM |
| A0002 | | | | |
| A0003 | | | | |
| A0004 | | | | |
| A0005 | | | | |
| A0006 | | | | |
| A0007 | ↓ Paul Connes | ↓ | ↓ Robert Johnson | ↓ |

# LECG

Evidence Custody Log (Client Systems) v.1.1

| Case Name, Case Number | Evidence Released by (Entity) | Date/Time | Handling Lab |
|---|---|---|---|
| RSCEQ - 28468 | Paul Connes | 9/3/2009  12PM | SF |

| Evidence Number | Item Description | Owner/Location | Manufacturer | Model | Serial No. |
|---|---|---|---|---|---|
| A0008 | Box of CD-R disks (HP m480n Recovery) 9 disks | 365 Chateau LaSalle Dr, San Jose, CA | Generic | | — |
| A0009 | Labeled "Data Backup" | ↓ | "GQ" Great Quality | CDR ≤ 700 MB | — |
| A0010 | No Label | ↓ | " | CDR 700 MB | — |
| A0011 | "Recover CD" | | Maxell | CD-R 700 MB | E311 JS309231, 5334C03 |
| A0012 | No Label | | Memorex | " | — |
| A0013 | No Label | | GQ "Great Quality" | " | — |
| A0014 | " | | imation | CDRW 650MB | — |
| A0015 | Floppy Disk S. Ponz (408) 469 2559 Guidance 96 | ↓ | Sony | | |

| Evidence Number | Released By (Individual) | Date/Time Released | Received By (Individual) | Date/Time Received |
|---|---|---|---|---|
| A0008 | Paul Connes | 9/3/2009  12PM | Robert Johnson | 9/3/2009  12PM |
| A0009 | | | | |
| A0010 | | | | |
| A0011 | | | | |
| A0012 | | | | |
| A0013 | | | | |
| A0014 | | | | |
| A0015 | Paul Connes | ↓ | Robert Jns | ↓ |

# LECG

Evidence Custody Log (Client Systems) v.1.1

| Case Name, Case Number | Evidence Released by (Entity) | Date/Time | Handling Lab |
|---|---|---|---|
| RSCEQ-28468 | Paul Connes | 9/3/2009 12 PM | SF |

| Evidence Number | Description | Location | Manufacturer | Model | Serial No. |
|---|---|---|---|---|---|
| A0016 | "Garmin" | 365 Chateau La Salle Dr, San Jose, CA | GQ "Great Quality" | CDR 700 MB | — |
| A0017 | No Label DVD+R | ↓ | Verbatim | DVD+R | — |
| A0018 | TBS Box | ↓ | Sony CDR | CDR 700 MB | GD1015B31B111A8 |
| A0019 | Motorola Nextel | | Motorola | H29UAH6 RR5AN | IMEI: 000103136666120 |
| A0020 | Blue Motorola + Charger Flip phone (nextel) | ↓ | " | H65XAN 6RR4AN | IMEI: 001700036430590 |
| A0021 | Yellow Motorola Nextel + Charger | ↓ | " | H58XAH 6RR7AN | IMEI: 000100297740330 |

| Evidence Number | Released By (Individual) | Date/Time of Release | Received By (Individual) | Date/Time Received |
|---|---|---|---|---|
| A0016 | Paul Connes | 9/3/2009 12PM | Robert Johnson | 9/3/2009 12 PM |
| A0017 | ↓ | ↓ | ↓ | ↓ |
| A0018 | | | | |
| A0019 | | | | |
| A0020 | | | | |
| A0021 | ↓ | ↓ | ↓ | ↓ |
| | *Paul Connes* (signature) | | *Robert Johnson* (signature) | |

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

<u>Protocol for the Acquisition and Review of Electronically Stored Information</u>

The following describes the procedures or protocol to be followed in connection with the forensics review of electronic storage devices in this case:

• Once computer(s) and other data storage devices are provided to the computer forensics consultant, a chain of custody document will be made available and executed evidencing the possession of the subject electronic data or equipment as it is transferred from one party to another. The document will list all hardware and related serial numbers.

• The computer forensics consultant will use appropriate forensic tools commonly used in the industry to create a full mirror image, or bit-stream copy of all electronic storage devices. Prior to doing so, the computer forensics consultant will attach a write-blocking device to prevent any changes from being made to any of the data on the subject devices.

• Once an image is obtained, the information will be searched, viewed and sorted by a qualified examiner. The examiner will recover deleted files, search for designated keywords, and analyze metadata and system artifacts in connection with its forensic analysis.

• The examiner will create and provide a report of its analysis to counsel for the parties along with a list of all files containing the designated keywords. The examiner will follow any restrictions or directions provided by the Court in connection with the production of actual copies of the files. The examiner will also acknowledge and follow the restrictions of any confidentiality or protective order that is entered in the case.

• If keywords appear in unallocated space on a storage device, the examiner will provide such data in the most technically practical format possible at the request of counsel.